FILED
**Mar 07, 2024**
**02:10 PM(CT)**
**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Stuart Burris | ) | Docket No. 2022-05-1262 |
| | ) | |
| v. | ) | State File No. 18029-2020 |
| | ) | |
| WWL Vehicle Services | ) | |
| Americas, Inc., et al. | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| Stuart Burris | ) | Docket No. 2022-05-0597 |
| | ) | |
| v. | ) | State File No. 28454-2022 |
| | ) | |
| Amazon.com Services, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

---

**Vacated and Remanded**

---

In this case, the employee asserted he injured his low back while employed by one of the defendant-employers in 2020, then injured his low back and right hip while employed by the second defendant-employer in 2022. The employee filed a petition against each employer, asserting a separate accident as to each employer resulting in distinct injuries. Upon motion by the earlier employer, the trial court entered an order consolidating the two actions pursuant to Rule 42.01 of the Tennessee Rules of Civil Procedure. Thereafter, the trial court conducted an interlocutory hearing of the consolidated actions, at which it admitted and considered evidence submitted by the previous employer in both actions over the objection of counsel for the later employer. Following the interlocutory hearing of the consolidated cases, the court awarded the employee medical and temporary disability benefits against the later employer based, in part, on expert medical evidence that had been introduced by the earlier employer. The later employer has appealed, arguing the court's consideration of evidence filed by the earlier employer in the action against it effectively relieved the employee of his evidentiary burden to prove an entitlement to workers' compensation benefits. Having thoroughly considered the claims, we vacate the trial court's order and remand the matter for further proceedings consistent with this opinion.

1

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Adam Brock-Dagnan, Knoxville, Tennessee, for the employer-appellant, Amazon.com

Eric Shen, London, Kentucky, for the employer-appellee, WWL Vehicle Services Americas, Inc.

Stuart Burris, Murfreesboro, Tennessee, employee-appellee, pro se

**Factual and Procedural Background**

On March 3, 2020, Stuart Burris ("Employee") injured his low back while working for WWL Vehicle Services Americas, Inc. ("WWL"). The claim was accepted as compensable, and Employee received authorized medical treatment with Dr. James Fish. Dr. Fish diagnosed Employee with a lumbar disc herniation with radiculopathy, did not recommend surgery, and eventually placed him at maximum medical improvement in July 2021. Dr. Fish assigned a permanent impairment rating of 4% to the whole body and returned Employee to full duty work. Employee continued to work for WWL until December 2021 when he voluntarily quit his job before reaching any resolution of his workers' compensation claim and prior to the expiration of his initial compensation period.

Employee began working for Amazon.com Services, LLC ("Amazon") in late 2021. On January 19, 2022, Employee reported injuring his mid-low back and right hip while moving boxes. Employee testified that he felt a "pop" but was able to complete his shift. Employee returned to work the next evening and reported the incident to human resources but was eventually sent home because he did not feel well. Employee then tested positive for COVID-19 and, pursuant to company protocols, did not return to work until January 31. When he returned to work, Employee reported continuing to experience a popping sensation in his low back and right hip area throughout his shift. The following day, he reported he was "barely able to walk" when he came for his next shift. Employee was sent home and advised to go to an urgent care facility.

Amazon initially denied Employee's claim based on insufficient notice but later accepted the claim, provided a panel, and authorized medical treatment with Dr. Michael James McNamara. Employee was first seen by Dr. McNamara on September 7, 2022, who examined Employee, diagnosed a herniated lumbar disc, and recommended physical therapy. Thereafter, Dr. McNamara indicated in his responses to a questionnaire forwarded by Employer that the January 2022 work incident with Amazon caused Employee's herniated disc.[1]

_____
[1] Amazon terminated workers' compensation benefits in October 2022, again asserting a notice defense, but later reversed that position. Specifically, Amazon sent a medical questionnaire to Dr. McNamara

2

Prior to his next appointment with Dr. McNamara in December, Employee disclosed to Amazon that, within the previous year, he had received medical treatment for a separate work-related back injury while he was at his prior employer, WWL. Amazon then obtained Employee's medical records from his treatment with Dr. Fish and provided copies to Dr. McNamara along with a questionnaire asking for Dr. McNamara's opinion as to whether Employee's current back issues were more than "50.01% causally related to [Employee's] alleged injury at Amazon." In response, Dr. McNamara revised his opinion, noting the "causation letter should reflect that [Employee] had a significant preexisting condition causing his problem, which was exacerbated, so he would be less than 50 percent causation from his injury." Amazon then denied Employee's workers' compensation claim again, this time based on Dr. McNamara's causation opinion.

Employee obtained another MRI of his lumbar spine on March 16, 2022. He returned to Dr. Fish on March 8, 2023. Dr. Fish noted that Employee was well known to his practice, had received medical treatment after sustaining a work-related injury in 2020, and was discharged in December 2021. Dr. Fish noted that, while Employee was working for Amazon, he "bent over to pick up a box . . . [and] felt a severe twinge of pain on the right side of his low back shooting into his right buttock and right lower extremity." Employee reported "significant low back pain that is increased immensely . . . [and] pain shooting into the right lower extremity with numbness and tingling in the right foot. He complains of weakness in the right foot." Dr. Fish noted it had been a "long process" in determining if this was a new injury or old injury that they were treating. He reviewed the March 2022 MRI and compared it to the two MRIs that were performed in 2021, noting:

> In March of 2021 the patient had a right paracentral disc protrusion at L5-S1. In September of 2021 that disc protrusion remained with no progression or regression. A new MRI was obtained in March 2022. That MRI shows a large right paracentral disc extrusion causing severe central and right-sided stenosis. There are definitive changes in the MRI when compared to the [two] MRIs from 2021.

Ultimately, Dr. Fish provided an opinion that Employee had sustained a new injury with Amazon. Thereafter, in March 2023, Amazon sent Dr. McNamara a copy of Dr. Fish's opinion and asked whether Employee's "current symptomology primarily related – *i.e.*, - more than 50.01% - to the Amazon incident or to [Employee's] pre-existing back issues, *i.e.*, the previous workers' compensation claim?" In response to the questionnaire, Dr. McNamara reiterated that Employee's symptomology was primarily related to his previous workers' compensation claim.

focusing on the passage of time between Employee's January 19, 2022 date of injury and his initial assessment. In response, Dr. McNamara stated that a lapse in time can create issues "regarding abilities to make opinions. Those opinions then rely on the history given by the patient, which may be suspect." He also noted that Employee's MRI findings of a ruptured disc were not entirely degenerative in nature, "but rather can be contributed [to] by degenerative conditions."

On June 15, 2022, Employee filed a petition for benefit determination ("PBD") against Amazon listing the January 19, 2022 date of injury. On December 9, 2022, Employee filed a PBD against WWL listing a March 3, 2020 date of injury. Dispute certification notices ("DCNs") were issued for both claims, and on the DCN pertaining to the March 2020 claim, under "Defenses," WWL noted, "The Authorized Treating Physician, Dr. Fish, opined that Employee's low back symptoms are more than 50% related to an injury occurring on January 19, 2022." In addition, both "Compensability" and "Medical Benefits" were checked as disputed issues. On the DCN pertaining to the January 2022 claim, Amazon identified compensability, medical benefits, temporary disability benefits, and causation as disputed issues. Thereafter, WWL filed a motion to consolidate the two cases pursuant to Rule 42.01 of the Tennessee Rules of Civil Procedure, contending that the issues in the "two cases are too intertwined to allow them to be tried separately, especially since the authorized treating physicians in each case have reviewed the records for both cases." WWL asserted that the facts of each case had a "direct consequence on the impact and outcome of the other case, as each employer is stating that the other injury/accident is the cause of [Employee's] symptoms." Employee and Amazon did not file responses in opposition to WWL's motion.

On September 19, 2023, the court issued an order granting WWL's motion for consolidation, noting in relevant part:

> [T]he fact that two employers and injury dates are involved is not determinative, as consolidation of separate actions under Rule 42.01 *does not create one action or make those who are parties in one suit parties in the other*. Consolidation simply allows a single trial of common issues and permits joint discovery for purposes of judicial economy. An order of consolidation has no other effect. "When cases have been consolidated, the issues remain precisely on the pleadings as they were before, and between the same parties, *and are to be determined exactly as if the cases had been heard separately*." *Rainbow Ridge Resort, LLC v. Branch Banking & Tr. Co.,* 525 S.W.3d 252, 258 (Tenn. Ct. App. 2016). (Emphases added.)

In sum, the trial court determined that judicial economy would be served by consolidating the cases and that Employee would not be prejudiced by the consolidation. Accordingly, Employee's claims against WWL and Amazon were consolidated "for litigation purposes."

Also in September 2023, Amazon and WWL propounded separate discovery to Employee and filed a joint motion to reduce time for him to respond to discovery due to Employee's deposition scheduled in October and the expedited hearing date of November 30. On October 16, Amazon filed a motion for a continuance, asserting it needed more

4

time to obtain evidence. The motion was denied. On October 19, WWL deposed Dr. Fish.[2] On October 31, the trial court granted Amazon's motion compelling Employee to attend an independent medical examination with Dr. Tarek Elalayli, an orthopedic specialist. That examination took place on November 1.

Dr. Elalayli did not find a "significant anatomical change" between Employee's previous MRI and the March 2022 study and disagreed with Dr. Fish's causation assessment. He pointed to Employee's "history of back and leg pain" prior to the incident with Amazon and opined that Employee's disc herniation and symptoms were less than fifty percent causally related to the incident with Amazon.

On November 6, Amazon took Dr. McNamara's deposition, and on November 17, Employee filed a motion for continuance, asserting he was having trouble finding legal counsel. WWL filed a response opposing his motion. In denying Employee's request for a continuance of the hearing, the trial court noted Employee had over one year to secure counsel, did not request a continuance previously, and did not participate in efforts to schedule the date for an expedited hearing. Further, the court noted that Employee had requested the hearing and that the parties had worked diligently to complete discovery, obtain medical proof, and prepare for the hearing.

On November 30, an expedited hearing was held to determine whether Employee was entitled to medical and temporary disability benefits from either employer. The court noted that "two employers in this consolidated claim each contend that the other was responsible for [Employee's] current symptoms." WWL asserted it had provided all workers' compensation benefits owed to Employee for his 2020 injury and argued that any additional benefits were owed by Amazon since they would relate to the subsequent injury. Conversely, Amazon argued that Employee's condition was primarily related to his prior injury at WWL.

Prior to addressing the merits of the case, WWL sought clarification from the court regarding certain evidentiary matters and the admissibility of documents in the following exchange between the trial judge and WWL's counsel:

WWL:      So, any evidence, say that you say, "Hey, this deposition transcript, do you agree this comes in?" If [counsel for Amazon] agrees, in his case, does that necessarily mean that I agree in my case?

Judge:      No. You could certainly, you know, make your own objections and we'll just rule on those as we go along.

---

[2] Employee, who has been self-represented throughout the litigation, did not attend either Dr. Fish's deposition or Dr. McNamara's deposition. Counsel for both Amazon and WWL attended both depositions.

WWL:         Individually?

Judge:       Oh, yes.

WWL:         Okay.  Understood, Your Honor.

Judge:       Yeah . . . [o]bviously, neither of you are bound by the agreement or actions of counsel for a different party.

WWL:         Understood.

During the hearing, WWL offered into evidence the deposition transcript of Dr. Fish, and the court asked if there was any objection to the deposition coming in.  Employee stated that he had no objection, but Amazon did object:

Amazon:      So, Your Honor, Amazon does object to Dr. Fish's deposition insofar that [Employee] did not submit it for proof in his case against Amazon.  So, with respect to [WWL's counsel] introducing it, we don't object to that, but to the extent it would be used in Amazon's case, we do object because it was not submitted by either party.

Judge (to Employee):    [D]o you have anything to say about that?

Employee:    I didn't know that I had to do that.

Judge:       Okay.

Employee:    Because I know they had both agreed over the phone that I was allowed to go back to – to see Dr. Fish.

Judge (to WWL):    [D]o you have a position on that argument?

WWL:         As long as the transcript is allowed to be entered in my case, I don't have [any] opposition to [Amazon's] position.

When the court asked Amazon's counsel for authority in support of its position, Amazon's counsel pointed to Rule 42 of the Tennessee Rules of Civil Procedure and referenced language in the trial court's order granting WWL's motion for consolidation.  Amazon further argued that since there were two separate causes of action, the substantive proof would need to be entered for each matter separately.  The court initially overruled Amazon's objection, but then it provisionally admitted the deposition of Dr. Fish, stating it would take the objection under advisement.  Amazon also objected to the admissibility of certain medical records and the deposition of Dr. McNamara "coming in for use in

6

[Amazon's] case" but did not object to it being used in Employee's case against WWL "because they're two separate cases." The court also provisionally admitted the deposition of Dr. McNamara.[3]

Following the expedited hearing, the court issued an order granting medical and temporary disability benefits to Employee in his claim against Amazon. In its order, the court dealt with the issue of whether it could consider medical proof submitted by a non-party if it was favorable to Employee's claim against *another* employer or whether this proof must instead be offered by Employee himself. Specifically, the court determined that

> Counsel [for Amazon] presented no authority for this argument but said that consolidation of cases under Rule 42.01 does not create one action or make those who are parties in one suit parties in the other. This is correct, but it does not address the question of whether evidence in a consolidated claim can only be relied upon by the party presenting it.

The court overruled Amazon's objections and determined that it can consider all admissible proof presented during the hearing of the consolidated actions in *both* cases regardless of which party submitted it, noting that "[t]o hold otherwise would defeat the purpose of consolidation." The court pointed to the "common issue" of Employee's medical issues and determined that requiring multiple hearings to present the same medical proof is "antithetical to the idea of judicial economy." The court found that it was "tasked with determining which, if either, of the employers [were] responsible for benefits," was to weigh all available evidence, and noted its reasoning was consistent with our opinion in *Smith v. Galloway Construction, LLC*, No. 2019-03-0016, 2019 TN Wrk. Comp. App. Bd. LEXIS 70, at *9-10 (Tenn. Workers' Comp. App. Bd. Oct. 28, 2019), where we concluded the trial court had properly admitted into evidence, over employer's objection, medical records that had been filed by the employer even though the employee had failed to file any documentation other than his own affidavit to support his claim.

---

[3] Specifically, Amazon argued that the transcript of Dr. McNamara's deposition was filed after the ten-day deadline for submission of evidence and, therefore, should be excluded under the court's regulations. WWL did not object to Amazon's position but noted there was no prejudice to Amazon given that the deposition was taken on November 6 and the transcript was filed once it was obtained by WWL. Employee questioned why this information should be excluded when Dr. McNamara was on the panel provided by Amazon. The court explained that the proceeding is "bound by a number of rules, and one of them does address when things need to be filed in order to be considered with the court." Employee responded that he "didn't know . . . if I had to file those things, I did not know that I was having to do so." Thus, Amazon objected to WWL's introducing Dr. McNamara's deposition in Employee's case against Amazon, as WWL was not a party to that case.

Here, after considering conflicting expert medical testimony, the court determined that the opinions of Drs. McNamara and Elalayli did not outweigh Dr. Fish's opinion.[4] Additionally, the court considered Employee's lay testimony when he described experiencing new, different, and more intense symptoms after the incident with Amazon. Accordingly, the court determined Employee was likely to prove at trial that his current symptoms arose primarily out of the January 19, 2022 lifting incident at Amazon. The court ordered Amazon to furnish medical treatment made reasonably necessary by the January 19 incident pursuant to Tennessee Code Annotated section 50-6-204 with Dr. McNamara as the authorized treating physician. The court also determined that Employee was entitled to $10,600.08 in temporary total disability benefits for the period of September 7, 2022, through February 12, 2023. Amazon has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2023). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence" as in this case. *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2023).

**Analysis**

Amazon raises two issues in its notice of appeal, which we have restated as follows: (1) whether the trial court erred by considering medical evidence submitted by one employer to be used against another employer in a separate case, thereby relieving the employee of his evidentiary burden to prove an entitlement to workers' compensation benefits; and (2) whether the trial court erred by concluding that the causation opinion of Dr. Fish, the authorized treating physician for Employee's claim with WWL, was sufficient

---

[4] Dr. Fish was a panel-selected authorized treating physician for the injury sustained with WWL. Dr. McNamara was a panel-selected authorized treating physician for the alleged injury with Amazon.

to overcome the presumption of correctness afforded to Dr. McNamara as the authorized treating physician in Employee's claim with Amazon.

*Admissibility of Evidence*

In its brief on appeal, Amazon asserts that Employee failed to carry his evidentiary burden of proof, noting that "Employee presented no proof whatsoever, and the trial court inappropriately used evidence submitted by the employers as evidence on behalf of Employee." Amazon argues that the trial court inappropriately treated WWL as a cross-defendant in Employee's case against Amazon and, in effect, considered evidence in the Amazon case that was not introduced by either party in that case, noting that "[n]either [Amazon] nor Employee filed Dr. Fish's deposition transcript or his causation opinion."

Conversely, WWL, relying primarily on the principal of judicial economy, asserts that "evidence submitted in either consolidated matter should be accepted as evidence in the other." WWL contends that the trial court "holds ultimate discretion" in determining when consolidation is proper, including "whether or not evidence should be shared between consolidated cases." It asserts that, here, the court needed to weigh all available evidence to determine which employer was responsible for workers' compensation benefits.

In considering the issue of consolidation, we first turn to Rule 42 of the Tennessee Rules of Civil Procedure. Rule 42.01 provides:

> When actions involving questions of law or fact are pending before a court, the court may order all the actions consolidated or heard jointly, and may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Thus, consolidation of cases is a tool utilized by courts to avoid unnecessary delay, expense, and the duplication of effort. However, as the trial court noted in its order granting WWL's motion to consolidate, "[w]hen cases have been consolidated, the issues remain precisely on the pleadings as they were before, *and between the same parties*, and are to be determined exactly *as if the cases had been heard separately*." *Rainbow Ridge Resort, LLC v. Branch Banking & Tr. Co.*, 525 S.W.3d 252, 258 (Tenn. Ct. App. 2016) (emphases added).

Here, Employee's claims involve two separate dates of injury, two alleged mechanisms of injury, and two different employers. Hence, despite consolidation, there remain two separate causes of action. *See City of New Johnsonville v. Handley*, No. M2003-00549-COA-R3-CV, 2005 Tenn. App. LEXIS 499 (Tenn. Ct. App. Aug. 16, 2005) ("A consolidation of separate actions for purposes of trial does not merge the independent actions into one suit . . . . Each cause of action retains a separate identity, and each party is responsible for complying with procedural requirements." (internal quotation omitted)).

9

And yet, after the trial court granted WWL's motion to consolidate Employee's claims, Amazon and WWL engaged in joint discovery and participated in medical depositions where each had an opportunity to lodge objections and cross-examine both Dr. Fish and Dr. McNamara.[5]  Rule 32.01 of the Tennessee Rules of Civil Procedure provides:

> [A]ny part or all of a deposition, *so far as admissible under the Tennessee Rules of Evidence* applied as though the witness were then present and testifying, may be used against *any party* who was present or represented at the taking of the deposition . . . .

(Emphasis added.)  Although Rule 32.01 allows a deposition to be used against *parties* present or represented at the deposition, the protocol through which the transcript is admitted into evidence is still governed by the Tennessee Rules of Evidence and is applicable to the parties to that litigation.  As stated previously, consolidated claims remain separate actions, and WWL is not a party to Employee's claim for benefits against Amazon. Thus, the only way evidence can be offered as proof at trial in Employee's claim for benefits against Amazon is through one of the parties to that claim, Employee or Amazon. Effectively, WWL is a stranger to the case between Amazon and Employee, and WWL's participation in the deposition of an expert witness does not change the prerequisites for admissibility.[6]

WWL relies on *Smith v. Galloway Construction, LLC*, No. 2019-03-0016, 2019 TN Wrk. Comp. App. Bd. LEXIS 70, at *9-10 (Tenn. Workers' Comp. App. Bd. Oct. 28, 2019), for the premise that even though Employee did not file Dr. Fish's deposition in his case against Amazon, that testimony can still be considered by the court in rendering its decision in that case.  In *Smith*, the employee indicated in his request for expedited hearing that he planned to rely on a Form C-32 Standard Form Medical Report ("C-32"), but he did not attach the C-32 to his filing.  *Id.* at *3-4.  The employer argued that it did not have adequate notice pursuant to the relevant statute of the employee's intent to use the C-32 and that, therefore, it should be excluded.  *Id.* at *5.  The trial court admitted the C-32 and relied on it in concluding the employee would likely prevail at a hearing on the merits.  *Id.* The employer appealed, and we affirmed the trial court's order.  *Id.* at *6.  Although we addressed multiple challenges to the admissibility of the C-32, we most notably observed, as relevant to the issue before us in this case, that even though the employee was the party who obtained the C-32, the *employer* was the party who filed the medical records, *including the C-32*, for consideration by the trial court.  *Id.* at *7-8.  Under those circumstances, we

---

[5] As noted above, Employee attended neither deposition.

[6] No party in either action moved to join a person or entity as a party under Rule 19 or 20 of the Tennessee Rules of Civil Procedure.  Rule 19 allows a person to be joined as a party if "in the person's absence complete relief cannot be accorded among those already parties."  Tenn. R. Civ. P. 19.01.  Rule 20 allows a person to be joined as a party if the plaintiff asserts a claim against multiple persons or entities "jointly, severally *or in the alternative*."  Tenn. R. Civ. P. 20.01.

concluded the employer was in no position to complain of deficiencies related to the C-32 when it was the party that had presented the document to the court. *Id.*

We conclude WWL's reliance on *Smith* is misplaced. *Smith* was not a case involving consolidation, and issues concerning the admissibility of medical proof *were between parties* to that cause of action. Here, we have two separate causes of action that were consolidated for purposes of judicial economy; however, the disputed medical proof offered into evidence was not submitted by a party to the action *between Amazon and Employee*, and Amazon properly lodged its objection at trial. "It is fundamental that '[a] person who is not a party of record to a lawsuit has no standing therein which enables him or her to take part in the proceedings." *In re Estate of Reed*, No. W2003-00210-COA-R3-CV, 2004 Tenn. App. LEXIS 424, at *5 (Tenn. Ct. App. July 1, 2004).

Furthermore, it is unclear to us from a review of the record whether the trial court created a clear and appropriate dichotomy as to the proof offered regarding each of Employee's claims.[7] It is also unclear whether Employee sought to introduce medical proof in either of his cases based on his responses during the hearing. When the trial court asked Employee for his response to Amazon's objection regarding the admissibility of Dr. Fish's deposition as to its claim, Employee stated, "I didn't know I had to do that. . . . I know they had both agreed over the phone that I was allowed to go back to – to see Dr. Fish." Similarly, Employee offered no objection to the admission of Dr. McNamara's deposition and noted that "Dr. McNamara was on the panel that Amazon gave to me to – the doctor to see. So, how – how come his information from when I first saw him, shouldn't that be included in everything?" Finally, the court stated in the order granting benefits, "Requiring multiple hearings for [Employee] to present the same medical proof is antithetical to the idea of judicial economy, as WWL observed when it moved to consolidate the claims." However, the record lacks any clear indication that *Employee* presented any medical proof in either of his cases.

As we have noted in past cases, courts must hold self-represented litigants to the same procedural and evidentiary standards as litigants represented by attorneys. *See, e.g.*, *Burnette v. K-Mart Corp.*, No. 2014-02-0020, 2015 TN Wrk. Comp. App. Bd. LEXIS 2 (Tenn. Workers' Comp. App. Bd. Jan. 20, 2015). However, the Tennessee Supreme Court's Special Workers' Compensation Appeals Panel has also counseled that courts "should be understanding of the difficulties encountered by a litigant with no experience or formal training," and that courts can "provide self-represented parties some latitude to ensure the trial continues on a level playing field." *Douglas v. Ledic Realty Serv.*, No. W2012-00345-SC-WCM-WC, 2012 Tenn. LEXIS 964 (Tenn. Workers' Comp. Panel Feb. 13, 2013). The trial court provisionally admitted certain evidence over the objections of

---

[7] As quoted above, for example, at the beginning of the hearing, the court was asked whether, if counsel for one employer seeks to introduce evidence, would that automatically be considered evidence in both cases, and the court replied, "No. You could certainly . . . make your own objections." The court further noted that "neither of you are bound by the agreement or the actions or counsel for a different party."

11

Amazon, but it is unclear whether Employee's statements were sufficient to constitute an attempt to introduce this proof in his case against Amazon.

In its order awarding benefits, the court noted Amazon's argument that consolidation under Rule 42.01 does not create one action or make those who are parties in one action parties in the other. The court agreed but stated that Amazon had failed to "address the question of whether evidence in a consolidated claim can only be relied upon by the party presenting it." We conclude the issue is not whether evidence can only be relied on by the party presenting it, but whether, in multiple cases consolidated for trial, evidence can be relied on in every pending cause of action regardless of who offered it in which case.

Here, the trial court overruled Amazon's objections, holding that it "can consider all admissible proof, regardless of which party submits it. To hold otherwise would defeat the purpose of consolidation." Respectfully, we conclude this determination contradicts precedent that makes clear consolidation "does not merge the suits into a single cause of action, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933). Although the court can, of course, consider properly admitted evidence in any particular cause of action, we hold such evidence must be offered into evidence by a *party to the claim*. In short, consolidation under Tennessee Rule of Civil Procedure 42.01 is separate and distinct from joinder under Tennessee Rules of Civil Procedure 19 and 20. Amazon was not joined as a cross-defendant in Employee's case against WWL and, likewise, WWL was not joined as a cross-defendant in Employee's case against Amazon. Hence, the trial court's order compelling Employer to provide medical treatment and temporary disability benefits for Employee's January 19, 2022 injury was based, in part, on expert medical evidence that had not been properly admitted in Employee's case against Amazon. Accordingly, the trial court's order must be vacated, and the case is remanded for any further proceedings as may be necessary.[8]

**Conclusion**

For the foregoing reasons, we vacate the trial court's order and remand the case. Costs on appeal are taxed to WWL.

---

[8] Amazon also asserts that the "trial court committed reversible error by concluding that an unauthorized treating physician's causation opinion overcame the presumption of correctness afforded to the authorized treating physician's opinion." It argues that although Dr. Fish was the authorized treating physician for Employee's claim against WWL, he was not a panel-selected, authorized treating physician as to Employee's claim against Amazon and was therefore entitled to no presumption of correctness. Given that we are vacating the trial court's order and remanding the case, we conclude this issue is pretermitted.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Stuart Burris | ) | Docket No. 2022-05-1262 |
| | ) | |
| v. | ) | |
| | ) | State File No. 18029-2020 |
| WWL Vehicle Services Americas, Inc., et al, | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| Stuart Burris | ) | Docket No. 2022-05-0597 |
| | ) | |
| v. | ) | State File No. 28454-2022 |
| | ) | |
| Amazon.com Services, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 7th day of March, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| W. Troy Hart<br>Adam C. Brock-Dagnan | | | | X | wth@mijs.com<br>acbrock-dagnan@mijs.com<br>telett@mijs.com |
| Eric Shen | | | | X | eric.shen@libertymutual.com<br>laura.johnson-peay@libertymutual.com |
| Stuart Burris | | | | X | 1767wildcat@gmail.com |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*Olivia Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov